FILED & JUDGMENT ENTERED
Steven T. Salata

Feb 19 2016

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

J. Craig Whitley
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| **Lametsha Busel Crawford** ) | |
| ) | |
| ) | **Case No. 13-30843** |
| ) | **Chapter 7** |
| Debtor. ) | |
| ) | |
| **John W. Taylor,** *Trustee for the* ) | |
| *Bankruptcy Estate of* ) | |
| *Lametsha Busel Crawford* ) | |
| ) | |
| ) | |
| Plaintiff, ) | Adversary Proceeding |
| ) | No. 14-03219 |
| v. ) | |
| ) | |
| **Lametsha Busel Crawford** ) | |
| ) | |
| Defendant. ) | |

## ORDER DENYING MOTION TO INTERVENE

This matter comes before the Court on the motion by Ladd A. Morrison to intervene as an additional plaintiff in this adversary proceeding in which the Chapter 7 trustee seeks to deny the debtor/defendant (Crawford) a discharge.

1

Crawford filed a voluntary Chapter 7 case on April 21, 2013. Morrison was not scheduled as a creditor, thus he did not receive notice of the case at that time. The case proceeded, with the deadline to object to Crawford's discharge (or dischargeability of a given debt) expiring on September 1, 2014. Only one objection to discharge was filed, the one brought by the trustee in this adversary proceeding. Given that he did not receive notice of the bankruptcy case, Morrison obviously did not object to discharge or dischargeability.

In fact, Morrison learned of the bankruptcy only when, on April 21, 2015, the trustee sued him to recover some $47,500 of transfers that Morrison had received from Crawford.[1] Later in that avoidance action, affidavits were filed by Morrison and Crawford tending to suggest that the transfers stemmed from property of Morrison previously given to Crawford to pay Morrison's personal expenses while he was in prison. Thereafter, the trustee voluntarily dismissed the avoidance action.

Meanwhile, the current discharge objection suit proceeded through its discovery phase such that both the trustee and Crawford are ready for trial. Now, at this late stage of the litigation, Morrison moves for permissive intervention under Rule 24(b), as incorporated by Bankruptcy Rule 7024, to join the action as an additional plaintiff.

Morrison argues he should be permitted to join the action because (1) the trustee's complaint is premised on allegations that Crawford failed to disclose the aforementioned payments and these transfers were actually from his property which had been entrusted to Crawford to pay Morrison's expenses and (2) because Morrison has a filed claim in the

---

[1] These allegedly preferential transfers were not disclosed on Crawford's petition.

2

underlying bankruptcy case.[2]  At the February 11, 2016 hearing on this matter, counsel for Morrison offered a third basis in that he was not noticed of the bankruptcy in time to file his own discharge or dischargeability actions and intervention would afford him standing to object to any settlement reached between the trustee and Crawford in this action.  It should be noted that in seeking to intervene, Morrison does not propose to amend the trustee's complaint; nor does he wish to assert any additional allegations or causes of action.

The trustee does not oppose intervention.  However, Crawford does, arguing that Morrison's intervention will be prejudicial to her and will delay the adjudication of the dispute.  Crawford asserts that she did not schedule Morrison on her bankruptcy petition because he is not her creditor.  Further, and while stridently denying any liability to Morrison, Crawford concedes that any claim he holds against her would be nondischargeable.  Thus, Crawford sees no need to interject additional complications and delay into the litigation.  On the record presented, this Court agrees.

A party may move under Rule 24(b)(1)(B) for permissive intervention if they have "a claim or defense that shares with the main action a common question of law or fact."  Such a motion must be timely.  *Alt v. U.S. E.P.A.*, 758 F.3d 588, 591 (4th Cir. 2014).  Courts are granted wide latitude in determining timeliness and are instructed in this Circuit to consider "how far the underlying suit has progressed," "the prejudice any resulting delay might cause the other parties," and "why the movant was tardy in filing its motion."  *Id*. (citation omitted).  Rule 24(b)(3) further indicates that "[i]n exercising its

---

[2] On the day prior to the hearing on this matter, Morrison filed a claim for $47,500 in the bankruptcy case.

3

discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

Permitting Morrison to intervene is inappropriate at this late hour for several reasons, namely his motion was not timely and he will suffer no prejudice by being excluded from the case as a named party whereas his intervention would prejudice the original parties and delay adjudication of this adversary proceeding.

As to timelines, and although not having notice of the bankruptcy prior to the deadline to object to discharge, at this point, Morrison has had notice of the case for nearly ten months. Nevertheless, he has taken no prior action to join this fray or otherwise preserve his rights against Crawford or the bankruptcy estate.[3] Morrison gives no explanation as to why his motion is so tardy.

Discovery is now complete and the present parties are ready for trial. If Morrison is added, no doubt factual issues attendant to his claims will be injected into the action, even if informally. No doubt, additional discovery will be needed to address the same. Thus, intervention will cause undue delay and/or prejudice to the original parties.

On the other hand, exclusion of Morrison from the action would cause him no harm. In the first place, a claim which is not scheduled in sufficient time to afford the creditor the opportunity to participate in the bankruptcy case is generally not discharged. 11 U.S.C. § 523(a)(3).[4] Further, as to Morrison, Crawford admitted at the hearing that

---

[3] Crawford's attorney stated at the hearing on this matter that Morrison received actual notice shortly after the bankruptcy was filed in 2013. Even so, Morrison received formal notice when he was served with the adversary proceeding against him in April 2015. And, Morrison's attorney entered a notice of appearance in the base bankruptcy case in July 2015. Morrison sat on his rights until filing the current motion in February 2016.

[4] Non-dischargeability assumes the creditor did not have notice. Given debtor's counsel's statements regarding when Morrison actually learned of this case, the Court

4

Morrison's claim is not dischargeable and filed a stipulation stating the same. As such, the outcome of the trustee's suit seeking to deny Crawford a discharge would not affect Morrison.

Apart from this, and as to Morrison's desire to weigh in on any settlement of this action, he is already protected. Bankruptcy Rule 7041 requires advance notice before a Section 727 discharge objection can be dismissed; Rule 2002(a)(3) demands case wide notice of the same should it be settled. As a party in interest, and in the event of a settlement, Morrison will be afforded an opportunity to object and to share his views with this Court.

Finally, it appears that Morrison would like for his attorney to assist the trustee in the latter's prosecution of this case. Denying him intervention does not foreclose this opportunity. Creditors regularly assist trustees on matters of common cause.

Out of an abundance of caution, it should be stated that this order does not prevent Morrison from filing his own, independent discharge or dischargeability action. Nor does it authorize the same. That matter is not before this Court at this point.

The present parties are directed to contact the bankruptcy judge's staff *immediately* to coordinate a date certain for trial.

**SO ORDERED**

This Order has been signed                                              United States Bankruptcy Court
electronically. The Judge's
signature and Court's seal
appear at the top of the Order.

---

will not express an opinion at this time on when Morrison received actual notice. Regardless, Crawford has stipulated that Morrison's debt would not be dischargeable.